CONSUMER ACTION LAW GROUP, PC
LAUREN RODE, SBN 281803
lauren@calgroup.org
3700 Eagle Rock Blvd.,
Los Angeles, CA 90065
Tel. (818) 254-8413
Fax. (866) 936-6916

Attorneys for Plaintiff,
CHARLES JONES

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFONRIA

| | |
|---|---|
| CHARLES JONES an individual; | CASE NO: |
| Plaintiff, | |
| v. | COMPLAINT FOR: |
| SHELLPOINT MORTGAGE SERVICING, LLC, a corporation; EXPERIAN INFORMATION SOLUTIONS, INC, a corporation; EQUIFAX INFORMATION SERVICES LLC, a limited liability company; TRANS UNION LLC, a limited liability company, | 1. **VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT**<br>2. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

///

///

///

///

///

///

///

///

-1-

**COMPLAINT**

## I.   PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended,* and various other state laws.

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, Charles Jones, is an adult individual who reside in Sacramento, California.

5. Defendant SHELLPOINT MORTGAGE SERVICING, LLC (hereafter "SHELLPOINT") is a business entity that regularly conducts business in the state of California, and which has its headquarters and principal place of business located at 75 Beattie Pl., Suite 300, Greenville, SC 29601.

6. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereafter "EXPERIAN") is a business entity that regularly conducts business in the state of California, and which has its headquarters and principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. Defendant EQUIFAX INFORMATION SERVICES LLC (hereinafter "EQUIFAX"), is and was doing business in the State of California, and whose agent of service of process is The Prentice-Hall Corporation System, Inc, and whose agent of service of process is Corporation Service Company which will do business in California as CSC- Lawyers Incorporating Service located at 2710 Gateway Oaks Drive, Ste 150N, Sacramento, CA 95833.

8. Defendant TRANS UNION LLC (hereinafter "TRANSUNION"), is and was doing business in the State of California, and whose agent of service of process is Corporation Service Company which will do business in California as CSC- Lawyers Incorporating Service located at 2710 Gateway Oaks Drive, Ste 150N, Sacramento, CA 95833.

9. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

**COMPLAINT**

10. The inaccurate information pertains to a mortgage account with Shellpoint Mortgage that Plaintiff never applied for or entered into and a chapter 13 bankruptcy filing that Plaintiff never filed for.

11. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

12. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown.

13. Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown.

14. As a result of Defendants' conduct, Plaintiffs have suffered actual damages in the form of lost credit opportunities.  Plaintiff was specifically turned down for a mortgage loan because Defendants collectively reported inaccurate information on Plaintiff's credit report.  The Shellpoint account and the chapter 13 bankruptcy filing do not belong to Plaintiff.

15. As a result of Defendants' conduct, Plaintiffs have further suffered actual damages in the form of lost financial opportunity, emotional and mental pain and anguish, stress, humiliation, embarrassment, anxiety and nervousness, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

16. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of injury to credit rating and reputation, and a decreased credit score, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

17. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**COMPLAINT**

18. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

19. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20. At all times pertinent hereto, Defendants were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for engaging in the following conduct:

    a. In or around April 2015, Plaintiff applied for a $350,000.00 mortgage in which he was denied due to another mortgage on his credit report with Shellpoint and a chapter 13 bankruptcy that Plaintiff did not file.

    b. On or about April 29, 2015, Plaintiff filed a police report, Report Number: 2015-8004838 with the Sacramento County Sheriff's Department. **See Exhibit 1 - Police Report**.

    c. Plaintiff tried to rectify the discrepancies with the credit bureaus, however, the credit bureaus have not corrected Plaintiff's credit.

    d. Plaintiff's credit score was negatively affected by the actions of defendants. Plaintiff was denied for credit, specifically a $350,000.00 mortgage loan.

## II.   JURISDICTION AND VENUE

24. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681 et seq., the "Fair Credit Reporting Act (FCRA) and 15 U.S.C. §§ 1692-1692p, the "Fair Debt Collection Practices Act."

### III.    FIRST CAUSE OF ACTION
### VIOLATION OF FAIR CREDIT REPORTING ACT
### (Against All Named Defendants)

25. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, facts, and allegations as though they are fully set forth herein.

26. Shellpoint is reporting derogatory information about Plaintiff to one or more consumer reporting agencies (credit bureaus) as defined by 15 U.S.C. § 1681a.

27. Plaintiff has disputed the accuracy of the derogatory information reported by the Defendant, Shellpoint to Defendants, Experian, TransUnion, and Equifax on separate occasions via mail.

28. Defendant, Shellpoint has not corrected the derogatory information on Plaintiff's credit reports nor has Defendant provided evidence of the alleged debt to Plaintiff nor to Defendants, Experian, TransUnion, or Equifax.

29. Defendant Shellpoint has not provided notice of this disputed matter to the credit bureaus and is therefore in violation of 15 U.S.C. § 1681s-2 which requires this notice.

30. Defendant Shellpoint failed to comply with 15 U.S.C. § 1692g in that it has not within 5 days of Plaintiff's initial communication (nor at any other time) sent Plaintiff written documentation of the amount of the debt, the name of the original creditor nor other information required by the Fair Credit Reporting Act.

31. Defendant Shellpoint failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30 day period as required by 15 U.S.C. § 1681s-2.

32. Defendant Shellpoint did not notify Plaintiff of any determination that Plaintiff's dispute is frivolous within the 5 days required by 15 U.S.C. § 1681s-2, nor at any other time.

33. On September 23, 2016, Plaintiff sent a dispute to EXPERIAN regarding the derogatory information on his credit report. Plaintiff has not received a response from EXPERIAN and the derogatory information still remains on his credit.

34. On September 23, 2016, Plaintiff sent a dispute to EQUIFAX regarding the derogatory information on his credit report. Plaintiff has not received a response from EQUIFAX and the derogatory information still remains on his credit.

35. On or about September 23, 2016, Plaintiff sent a dispute to TRANS UNION regarding the derogatory information on his credit report.  Plaintiff has not received a response from TRANS UNION and the derogatory information still remains on his credit.

36. Despite Plaintiff's efforts to correct the inaccurate and derogatory information on his credit report, Defendants refused to make the necessary corrections to render his report accurate and complete.

37. To date, Defendants have refused and/or neglected to remove the unauthorized inquiries on Plaintiff's credit report.

38. Plaintiff has complied with all requests of the Defendants to provide information in order to have the unauthorized inquiries removed from his credit report, and has provided Defendants with plenty of  opportunities to make the necessary corrections. Despite the insistence of Plaintiff, the Defendants, and each of them, failed to correct the errors and failed to undertake sufficient investigations upon being notified of the errors.

39. In the entire course of their actions, Defendants, and each of them, willfully violated the provisions of the Fair Credit Reporting Act in *at least* the following respects:

    a. By willfully and/or negligently failing, in the preparation of the consumer report concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

    b. By willfully and/or negligently furnishing to Plaintiff's potential creditors information about the Plaintiff which Defendants knew, or should have known, was incomplete and/or inaccurate;

    c. By willfully and/or negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's file after conducting an investigation or reinvestigation;

    d. By willfully and/or negligently failing to conduct an adequate investigation or

reinvestigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known, to the defendants;

    e. By willfully and/or negligently failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof; and,

    f. By willfully and/or negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct any incorrect, incomplete or inaccurate credit reporting.

40. Defendants have an obligation under 15 U.S.C. Section 1681b, 1681i and 1681s-2 (b) to promptly reinvestigate disputed negative credit information, and to promptly delete such information when the reinvestigation establishes that it should be removed. In this case, Plaintiff provided Defendants with several notices that the information was inaccurate. However, Defendants willfully and/or negligently continued to report the derogatory information, and have continued to publish such information to persons who have requested Plaintiff's credit reports. According to Defendants' own computerized credit score simulator, these derogatory references lowered Plaintiff's credit score.

41. As a proximate result of the actions of the Defendants, and each of them, Plaintiff has been damaged in an amount which will be proven at time of trial. As provided under the cited laws, Plaintiff is entitled to actual damages, damage to credit reputation and creditworthiness, pain and suffering, statutory penalties, punitive damages, costs and attorney fees.

### IV.   SECOND CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (Against Shellpoint)

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though they are fully set forth herein.

43. Plaintiff is a natural person obligated or allegedly obligated to pay any debt and is thus "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

44. Defendant Shellpoint's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, California.  Thus, Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

45. Within one year prior to the filing of this action, Defendant tried to collect on a debt not belonging to Plaintiff.  Upon information and belief, the alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.  Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

46. Defendant Shellpoint is a known debt collector and are thus subject to this Act.

47. Upon information and belief, within the one year prior to the filing of this action, Defendant's conduct in attempting to collect the alleged debt from Plaintiff was done to harass, oppress or abuse Plaintiff.

48. Plaintiff repeatedly informed Defendant that Plaintiff did not owe any debt to Shellpoint because Plaintiff never applied for, signed, or took out the mortgage appearing on Plaintiff's credit report.

49. When a consumer disputes a debt in response to the debt collector's validation notice, the debt collector may take no further action until he "obtains verification of the debt" and mails it to the consumer. 15 USC §1692g(b).

50. Prohibited action may include reporting the debt to credit reporting agencies. *Moscana v California Bus. Bureau* (SD Cal, Oct. 24, 2011, N. 10-CV-1468 BEN (CAB)) 2011 US Dist Lexis 123177 (reporting account to consumer reporting agency after demand for validation by debtor); *Quale v Unifund CCR Partners*(SD Ala 2010) 682 F Supp 2d 1274.

51. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. §1692b(2) by communicating with any person other than the consumer and stating that such consumer owes any debt; and

    b. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    c. Defendant violated 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

52. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

53. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

54. As a direct and proximate result of Shellpoint's failure to remove the Shellpoint account from Plaintiff's credit report, Plaintiff has suffered harm and will continue to suffer harm, in an amount according to proof at the time of trial.

## V. PRAYER FOR RELIEF

55. WHEREFORE, Plaintiff demands judgment as follows:

    a. For general and special damages according to proof at trial;

    b. For statutory penalties for each separate statutory violation where allowed by statute;

    c. For punitive damages against Defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

    d. For declaratory relief;

    e. For injunctive relief;

    f. For attorney's fees where authorized by statute or law;

    g. For costs of suit;

    h. For such other relief as the court deems just and proper

///

///

///

///

DATED:  February 6, 2017                    CONSUMER ACTION LAW GROUP, PC

                                           By: /s/ Lauren Rode_____
                                               Lauren Rode
                                               Attorneys for Plaintiff,
                                               CHARLES JONES