UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JONES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SHELLPOINT MORTGAGE SERVICING, LLC, a corporation; EXPERIAN INFORMATION SOLUTIONS, INC, a corporation; EQUIFAX INFORMATION SERVICES LLC, a limited liability company; TRANS UNION LLC, a limited liability company,<br><br>Defendants. | No. 2:17-cv-00689-KJM-AC<br><br><br><br>ORDER |

Plaintiff Charles Jones filed this action against defendants on March 30, 2017. ECF No. 1. Plaintiff requests permission to proceed *in forma pauperis* (IFP). ECF No. 2. As explained below, the court GRANTS plaintiff's request.

I. <u>DISCUSSION</u>

A party instituting a civil action in a United States district court, except for an application for a writ of habeas corpus, must pay a filing fee of $350.00. 28 U.S.C. § 1914.

Under 28 U.S.C. § 1915(a), a person[1] may commence an action without paying the filing fees where she submits an affidavit stating that she lacks sufficient funds and where her suit is not frivolous or malicious. *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984). The IFP statute does not itself define what constitutes insufficient assets. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). To qualify for IFP status, a party need not show she is entirely destitute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. *Adkins*, 335 U.S. at 339. But "[i]f an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required . . . to put his money where his mouth is." *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (internal quotations omitted). A plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

      Here, plaintiff is entitled to IFP status. In the application to proceed without prepayment of fees and affidavit, form number AO 240, plaintiff, under penalty of perjury, explains he has a total of $30 in savings; has no income; has no employment; and has no other property of value. ECF No. 2. Although he has counsel, the IFP statute nowhere requires a litigant to proceed *pro se* to qualify for IFP status. *See* 28 U.S.C. § 1915(a); *Kwan v. Schlein*, 246 F.R.D. 447, 453 (S.D.N.Y. 2007) ("[A]uthorization to commence litigation without the prepayment of fees is based on the resources of the litigant and not on whether she has obtained counsel."); *see also Cottingham for Washington v. Bd. of Educ. of Emery Uniified Sch. Dist.*, C-93-0824-DLJ, 1993 WL 79698, at *1 (N.D. Cal. Mar. 15, 1993) (considering plaintiffs' request, although represented by counsel, to proceed IFP). Absent evidence that plaintiff paid counsel to represent him here, the court assumes the veracity of plaintiff's declaration that he lacks the funds

---

[1] All persons, not just prisoners, may seek IFP status. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007) (citing *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (explaining that the statute applies to all persons notwithstanding its "prisoner possesses" language, and collecting cases so holding).

to pay filing fees to proceed. *See Kwan*, 246 F.R.D. at 453 ("[Unless] payments by Kwan to her attorney demonstrate that she is no longer indigent, there is no basis for reconsidering her in forma pauperis status."). Accordingly, based on these circumstances, the court finds plaintiff qualifies for IFP status.

II. <u>CONCLUSION</u>

For the foregoing reasons, the court GRANTS plaintiff's motion to proceed *in forma pauperis*.

IT IS SO ORDERED

DATED: April 12, 2017.

_____
UNITED STATES DISTRICT JUDGE